Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SANTOS GUZMAN GARCIA, HERBERT BERCIAN,
ROBERTO MARTINEZ JOAQUIN, SILAS ROSALES
PLEITEZ, FERMIN DUVON, and JESUS ARAVELO,
individually and on behalf of all others similarly situated,

                    Plaintiff,

  -against-

MONCON, INC. and STEPHEN MCKERNAN and HERMAN
BENITEZ, as individuals,

                    Defendants.
------------------------------------------------------------------------X

**COLLECTIVE/CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **SANTOS GUZMAN GARCIA , HERBERT BERCIAN, ROBERTO MARTINEZ JOAQUIN, SILAS ROSALES PLEITEZ, FERMIN DUVON, and JESUS ARAVELO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **SANTOS GUZMAN GARCIA , HERBERT BERCIAN, ROBERTO MARTINEZ JOAQUIN, SILAS ROSALES PLEITEZ, FERMIN DUVON, and JESUS ARAVELO, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **MONCON, INC., and STEPHEN MCKERNAN and HERMAN BENITEZ, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and

1

federal wage and hour laws arising out of Plaintiffs' employment at MONCON, INC., located at 31 South Street, Mount Vernon, New York 10550.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, SANTOS GUZMAN GARCIA, residing at 65 South 29th Street, Wyandanch, New York 11798, was employed by Defendants at MONCON, INC. from in or around January 2016 until in or around November 2016.
9. Plaintiff, HERBERT BERCIAN, residing at 125 Marvin Avenue, Uniondale, new York 11553, was employed by Defendants at MONCON, INC. from in or around September 2015 until in or around August 2019.
10. Plaintiff, ROBERTO MARTINEZ JOAQUIN, residing at 102-02 34th Avenue, Corona, New York 11368, was employed by Defendants at MONCON, INC. from in or around November 2018 until in or around November 2019.
11. Plaintiff, SILAS ROSALES PLEITEZ, residing at 51 Mount Avenue, Freeport, New York 11520, was employed by Defendants at MONCON, INC. from in or around July 2017 until in or around October 2019.

12. Plaintiff, FERMIN DUVON, residing at 166 Elton Street, Brooklyn, New York 11208, was employed by Defendants at MONCON, INC. from in or around August 2018 until in or around August 2019.
13. Plaintiff, JESUS ARAVELO, residing at 86 Morris Street, Brentwood, New York 11717, was employed by Defendants at MONCON, INC. from in or around May 2015 until in or around December 2016 and again from in or around January 2019 until in or around September 2019.
14. Upon information and belief, Defendant, MONCON, INC., is a corporation organized under the laws of New York with a principal executive office at 31 South Street, Mount Vernon, New York 10550.
15. Upon information and belief, Defendant, MONCON, INC., is a corporation authorized to do business under the laws of New York.
16. Upon information and belief, Defendant, STEPHEN MCKERNAN, owns and operates MONCON, INC.
17. Upon information and belief, Defendant, STEPHEN MCKERNAN, is an agent of MONCON, INC.
18. Upon information and belief, Defendant, STEPHEN MCKERNAN, has power over personnel decisions at MONCON, INC.
19. Upon information and belief, Defendant, STEPHEN MCKERNAN, has power over payroll decisions at MONCON, INC.
20. Defendant STEPHEN MCKERNAN has the power to hire and fire employees at MONCON, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
21. Defendant, STEPHEN MCKERNAN, instructed Co-Defendant, HERMAN BENITEZ, to supervise and assigns tasks to Plaintiffs when both Defendants were not present at the job site.
22. During all relevant times herein, Defendant, STEPHEN MCKERNAN, was Plaintiff's employer within the meaning of the FLSA and NYLL.
23. Upon information and belief, Defendant, HERMAN BENITEZ, operates MONCON, INC. as a foreman.

3

24. Upon information and belief, Defendant, HERMAN BENITEZ, is an agent of MONCON, INC.
25. Upon information and belief, Defendant, HERMAN BENITEZ, has power over personnel decisions at MONCON, INC.
26. Upon information and belief, Defendant, HERMAN BENITEZ, directed the Plaintiffs in their daily tasks and distributed their weekly pay.
27. Upon information and belief, Defendant, HERMAN BENITEZ, has power over payroll decisions at MONCON, INC.
28. Defendant, HERMAN BENITEZ, has the power to hire and fire employees at MONCON, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
29. During all relevant times herein, Defendant, HERMAN BENITEZ, was Plaintiff's employer within the meaning of the FLSA and NYLL.
30. Upon information and belief, MONCON, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
### SANTOS GUZMAN GARCIA

31. Plaintiff, SANTOS GUZMAN GARCIA, was employed by Defendants at MONCON, INC. from in or around January 2016 until in or around November 2016.
32. During Plaintiff, SANTOS GUZMAN GARCIA's employment by Defendants at MONCON, INC., Plaintiff's primary duties were as a carpenter, and performing other miscellaneous duties from in or around January 2016 until in or around November 2016.
33. Plaintiff, SANTOS GUZMAN GARCIA, was paid by Defendants approximately $25.00 per hour from in or around January 2016 until in or around November 2016.

4

34. Plaintiff, SANTOS GUZMAN GARCIA, worked approximately sixty-six (66) or more hours per week at MONCON, INC. from in or around January 2016 until in or around November 2016.
35. Although Plaintiff, SANTOS GUZMAN GARCIA, worked approximately sixty-six (66) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### HERBERT BERCIAN

36. Plaintiff, HERBERT BERCIAN, was employed by Defendants at MONCON, INC. from in or around September 2015 until in or around August 2019.
37. During Plaintiff, HERBERT BERCIAN's employment by Defendants at MONCON, INC., Plaintiff's primary duties were as a rebar worker and laborer, and performing other miscellaneous duties from in or around September 2015 until in or around August 2019.
38. Plaintiff, HERBERT BERCIAN, was paid by Defendants approximately $33.00 per hour from in or around September 2015 until in or around December 2016, approximately $35.00 per hour in or around 2017, approximately $40.00 per hour in or around 2018, and approximately $41.00 per hour from in or around January 2019 until in or around August 2019.
39. However, Plaintiff, HERBERT BERCIAN, worked approximately sixty-six (66) or more hours per week at MONCON, INC. from in or around September 2015 until in or around August 2019.
40. Although Plaintiff, HERBERT BERCIAN, worked approximately sixty-six (66) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### ROBERTO MARTINEZ JOAQUIN

41. Plaintiff, ROBERTO MARTINEZ JOAQUIN, was employed by Defendants at MONCON, INC. from in or around November 2018 until in or around November 2019.
42. During Plaintiff, ROBERTO MARTINEZ JOAQUIN's employment by Defendants at MONCON, INC., Plaintiff's primary duties were as a carpenter and laborer, and performing other miscellaneous duties from in or around November 2018 until in or around November 2019.
43. Plaintiff, ROBERTO MARTINEZ JOAQUIN, was paid by Defendants approximately $25.00 per hour from in or around November 2018 until in or around November 2019.
44. However, Plaintiff, ROBERTO MARTINEZ JOAQUIN, worked approximately sixty-six (66) or more hours per week at MONCON, INC. from in or around November 2018 until in or around November 2019.
45. Although Plaintiff, ROBERTO MARTINEZ JOAQUIN, worked approximately sixty-six (66) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## SILAS ROSALES PLEITEZ

46. Plaintiff, SILAS ROSALES PLEITEZ, was employed by Defendants at MONCON, INC. from in or around July 2017 until in or around October 2019.
47. During Plaintiff, SILAS ROSALES PLEITEZ's employment by Defendants at MONCON, INC., Plaintiff's primary duties were as a rebar worker and laborer, and performing other miscellaneous duties from in or around July 2017 until in or around October 2019.
48. Plaintiff, SILAS ROSALES PLEITEZ, was paid by Defendants approximately $1,000.00 per week from in or around July 2017 until in or around October 2019.
49. However, Plaintiff, SILAS ROSALES PLEITEZ, worked approximately fifty (50) or more hours per week at MONCON, INC. from in or around July 2017 until in or around October 2019.

50. Although Plaintiff, SILAS ROSALES PLEITEZ, worked approximately fifty (50) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### FERMIN DUVON

51. Plaintiff, FERMIN DUVON, was employed by Defendants at MONCON, INC. from in or around August 2018 until in or around August 2019.

52. During Plaintiff, FERMIN DUVON's employment by Defendants at MONCON, INC., Plaintiff's primary duties were as a laborer, and performing other miscellaneous duties from in or around August 2018 until in or around August 2019.

53. Plaintiff, FERMIN DUVON, was paid by Defendants approximately $24.00 per hour from in or around August 2018 until in or around August 2019.

54. However, Plaintiff, FERMIN DUVON, worked approximately seventy-eight (78) or more hours per week at MONCON, INC. from in or around August 2018 until in or around August 2019.

55. Although Plaintiff, FERMIN DUVON, worked approximately seventy-eight (78) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JESUS ARAVELO

56. Plaintiff, JESUS ARAVELO, was employed by Defendants at MONCON, INC. from in or around May 2015 until in or around December 2016 and again from in or around January 2019 until in or around September 2019.

57. During Plaintiff, JESUS ARAVELO's employment by Defendants at MONCON, INC., Plaintiff's primary duties were as a carpenter, and performing other miscellaneous duties from in or around May 2015 until in or around December 2016 and again from in or around January 2019 until in or around September 2019.

58. Plaintiff, JESUS ARAVELO, was paid by Defendants approximately $23.00 per hour from in or around May 2015 until in or around December 2015, approximately

7

$26.00 per hour in or around 2016, and approximately $33.00 per hour from in or around January 2019 until in or around September 2019.

59. However, Plaintiff, JESUS ARAVELO, worked approximately sixty-six (66) or more hours per week at MONCON, INC. from in or around May 2015 until in or around December 2016 and again from in or around January 2019 until in or around September 2019.

60. Although Plaintiff, JESUS ARAVELO, worked approximately sixty-six (66) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

61. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

62. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

63. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiffs bring this action on behalf of their selves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

65. Collective Class: All persons who are or have been employed by the Defendants as carpenters, rebar workers and laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

66. Upon information and belief, Defendants employed over 100 employees within the relevant time period who were subjected to similar payment structures.
67. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
68. Defendants' unlawful conduct has been widespread, repeated, and consistent.
69. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
70. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
71. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
72. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
73. The claims of Plaintiff are typical of the claims of the putative class.
74. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
75. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

76. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All car washers and dryers and ticket men who are currently or have been employed by the Defendants at MONCON, INC. and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

77. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 100 members of the New York Class during the New York Class Period.

78. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

   b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

   c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

   d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

   e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

   f. Whether Defendants should be enjoined from such violations in the future.

79. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

80. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.
81. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.
82. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.
83. Plaintiff's claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.
84. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
86. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
87. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

88. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

89. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

90. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

91. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

92. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

93. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

95. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

96. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
97. Defendants failed to provide Plaintiffs with a written notice of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
98. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

99. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
100. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
101. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid overtime wages;
   c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   d. Awarding Plaintiffs prejudgment and post-judgment interest;
   e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
   f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 30th day of June 2020.

Roman Avshalumov, Esq. (RA-5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANTOS GUZMAN GARCIA, HERBERT BERCIAN, ROBERTO MARTINEZ JOAQUIN, SILAS ROSALES PLEITEZ, FERMIN DUVON, and JESUS ARAVELO, individually and on behalf of all others similarly situated,

        Plaintiffs,

 -against-

MONCON, INC., and STEPHEN MCKERNAN, and HERMAN BENITEZ, as individuals,

        Defendants.

---

SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

**MONCON, INC.**
**31 SOUTH STREET, SUITE 2N-4**
**MOUNT VERNON, NEW YORK 10550**

**STEPHEN MCKERNAN**
**64 EAST CROOKED HILL ROAD**
**PEARL RIVER, NEW YORK 10965**

**HERMAN BENITEZ**
**31 SOUTH STREET, SUITE 2N-4**
**MOUNT VERNON, NEW YORK 10550**